# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KARL BROOKINS,

          Petitioner,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

          Agency,

    and

DEPARTMENT OF THE INTERIOR,

          Agency.

DOCKET NUMBER
CB-1205-18-0021-U-1

DATE:  April 9, 2024


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karl Brookins, Honolulu, Hawaii, pro se.

Katherine Brewer, Esquire, Washington, D.C., for the Office of Personnel
    Management.

Deborah E. Yim, Esquire, Lakewood, Colorado, for the Department of the
    Interior.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The petitioner filed a petition for review of an initial decision that dismissed for lack of jurisdiction his appeal from the decision of the Department of Interior (DOI) to place him on a performance improvement plan (PIP). In his petition, the petitioner alleged that he was not only challenging the initial decision as erroneous but also seeking review of DOI's implementation of Office of Personnel Management (OPM) regulations relating to performance appraisals and "[r]equirements associated with the opportunity to demonstrate acceptable performance." Request File (RF), Tab 1 at 4. We consider these allegations separately pursuant to our original jurisdiction under 5 U.S.C. § 1204(f), which authorizes the Board to review whether an OPM regulation, either on its face or as implemented, would require an employee to commit a prohibited personnel practice (PPP). For the reasons set forth below, we DENY the petitioner's request for regulation review.

**BACKGROUND**

The petitioner was a Marine Fish Biologist with the National Park Service, a DOI subagency, stationed in Fort Collins, Colorado. *Brookins v. Department of the Interior*, MSPB Docket No. DE-3443-18-0140-I-1, Initial Appeal File (0140 IAF), Tab 1 at 1. By memorandum dated January 11, 2018, DOI informed him that he was being placed on a PIP. *Id*. at 8-11. On January 29, 2018, the petitioner filed an appeal with the Board. *Id*. at 1-5. He alleged that, by issuing the PIP, DOI committed PPPs because the PIP "a) significantly increased [his] duties, responsibilities or working conditions; b) concerns education or training expected to lead to performance evaluation; c) concerns pay and benefits; and

d) likely qualifies as a corrective action." *Id*. at 5. He further alleged that the PIP violated various statutes, as well as OPM regulations governing performance management and performance-based actions. *Id*.

In an acknowledgement order, the administrative judge advised the petitioner that the Board generally does not have jurisdiction over the placement of an employee on a PIP. 0140 IAF, Tab 2 at 3. The administrative judge directed the petitioner to file evidence and argument in support of the Board's jurisdiction. *Id*. at 4. In response, the petitioner alleged that the Board had jurisdiction over the alleged PPPs under its appellate jurisdiction, original jurisdiction, "or both." 0140 IAF, Tab 5 at 3. He suggested that the Board had original jurisdiction over his allegations that the agency committed PPPs and violated sections of OPM regulations. *Id*.

On March 7, 2018, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. 0140 IAF, Tab 9, Initial Decision (0140 ID) at 1. The administrative judge noted that the Board lacks jurisdiction over PIPs when they are not associated with a loss of grade or pay. 0140 ID at 3. He found that the petitioner had not alleged facts falling within any of the exceptions to this general rule. *Id*. The administrative judge further stated that the petitioner's allegations that DOI committed PPPs did not constitute an independent source of Board jurisdiction. 0140 ID at 4. Finally, the administrative judge addressed the petitioner's references to various statutes and regulations, finding that either they only apply to an employee who has been removed or reduced in grade, which had not happened to the petitioner, or that they did not confer Board jurisdiction independently. *Id*. Therefore, the administrative judge concluded that the petitioner failed to make nonfrivolous allegations of jurisdiction and dismissed the appeal without a hearing. 0140 ID at 4-5. The administrative judge did not address whether the petitioner's allegations were sufficient to invoke the Board's original jurisdiction to review the implementation of OPM regulations.

On April 10, 2018, the petitioner filed a petition for review of the initial decision asserting that the administrative judge erred in dismissing his appeal for lack of jurisdiction. We addressed those arguments in a separate final decision in *Brookins v. Department of the Interior*, MSPB Docket No. DE-3443-18-0140-I-1, Final Order (Jan. 18, 2023). Here, we focus solely on the petitioner's allegations invoking our original jurisdiction under 5 U.S.C. § 1204(f). Specifically, the petitioner states that he wishes to challenge DOI's implementation of OPM regulations through "[r]equirements associated with the opportunity to demonstrate acceptable performance." RF, Tab 1 at 4. He states that the OPM regulations at issue are 5 C.F.R. parts 430 and 432. *Id.* at 4. He further "alleges that the Requirements imposed by the Agency were the result of violating Performance Appraisal System and Program regulations and laws; these are violations that are also a prohibited personnel practice." *Id.* at 9.

In its response, OPM states that the petitioner's discussion of OPM regulations "is almost indecipherable." RF, Tab 4 at 5. OPM states that, at most, the petitioner is challenging the regulation as applied by DOI rather than the regulation itself. *Id.* at 7. OPM notes that the petitioner has not identified the PPP at issue and therefore asserts that the Board should deny the petitioner's request for regulation review. *Id.* at 7-8. In its response, DOI states only that it concurs with OPM. RF, Tab 5 at 4. The petitioner filed a reply in which he agrees that he is seeking to raise an "as applied" challenge, but he does not address the specific PPP at issue. RF, Tab 6 at 5.

## ANALYSIS

The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). In exercising its jurisdiction, the Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that such provision would, if implemented by any agency, on its face, require any employee to commit a PPP as defined by 5 U.S.C. § 2302(b).

5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has the authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to commit a PPP. 5 U.S.C. § 1204(f)(2)(B); *see Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998).

The Board's regulations direct the individual requesting review to provide the following information: the requester's name, address, and signature; a citation identifying the regulation being challenged; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require an employee to commit a PPP, or the reasons why the implementation of the regulation requires an employee to commit a PPP; specific identification of the PPP at issue; and a description of the action the requester would like the Board to take. 5 C.F.R. § 1203.11(b); *see Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992).

Here, the petitioner states he is challenging DOI's implementation of OPM regulations, and he identifies 5 C.F.R. parts 430 and 432 as the OPM regulations at issue. RF, Tab 1 at 4. However, the only provision that the petitioner specifically mentions is 5 C.F.R. § 430.203. RF, Tab 1 at 6, 8. He states that DOI "misuse[d]" the "§ 430.203 critical element term." RF, Tab 1 at 8. Section 430.203 defines "critical element" as "a work assignment or responsibility of such importance that unacceptable performance on the element would result in a determination that an employee's overall performance is unacceptable." He also generally asserts that DOI misapplied OPM regulations related to performance appraisals and "[r]equirements associated with the opportunity to demonstrate acceptable performance." RF, Tab 1 at 4.

The petitioner, however, has failed to provide reasons explaining why DOI's purportedly incorrect application of 5 C.F.R. parts 430 and 432 requires an

employee to commit a PPP. Moreover, the petitioner has not specifically identified the PPP at issue. In the absence of such allegations, the petitioner has not met his burden under 5 C.F.R. § 1203.11(b). *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (where a petitioner fails to explain how a regulation requires the commission of a PPP or fails to identify the PPP at issue, the Board has denied the regulation review request).

## ORDER

Accordingly, the petitioner's request for regulation review is denied. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.